Jeffrey F. Gersh, State Bar No. 87124
jgersh@gershderbylaw.com
Courtney E. Curtis, State Bar No. 245231
ccurtis@gershderbylaw.com
James A. Sedivy, State Bar No. 102870
jsedivy@gershderbylaw.com
GERSH | DERBY, LLP, Attorneys at Law
15821 Ventura Boulevard, Suite 515
Encino, California 91436
Telephone: (818) 536-5700
Facsimile: (818) 981-4618

Attorneys for Plaintiff, PD PRODUCTS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PD PRODUCTS, LLC, a Delaware limited liability company<br><br>           Plaintiff,<br><br>v.<br><br>ELECTRIC EEL, INC., a New York corporation; DOES 1 through 10, inclusive<br><br>           Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. **TRADEMARK INFRINGEMENT**<br><br>2. **UNFAIR COMPETITION UNDER FEDERAL LAW**<br><br>3. **UNFAIR COMPETITION UNDER CALIFORNIA LAW**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PD Products, LLC ("Plaintiff"), hereby prays for relief and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of Plaintiff's claims for trademark infringement and unfair competition asserted in this action pursuant to 15 U.S.C. §1121, 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367, because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and (c) since, among other things, the Defendant transacts business within this judicial district and is subject to personal jurisdiction by this Court, and the Defendant owns and operates a website that appears to sell products, including the infringing products, in this judicial district.

## THE PARTIES

2. Plaintiff is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, in good standing, and authorized to do business in the State of California, with its principal place of business in the County of Los Angeles, California. Plaintiff is the assignee of and successor-in-interest to Pipedream Products, Inc., a California corporation ("Pipedream"). Among other things, Plaintiff markets, manufactures, and distributes "paper goods" products in the United States and elsewhere.

3. Plaintiff is the owner of a Federal trademark duly and legally registered with the United States Patent and Trademark Office ("USPTO") for the mark "BACHELORETTE PARTY FAVORS" for paper goods, namely, napkins, party bags, party favors, party hats, pennants, party decorations, table cloths, gift bags, place mats, flags, banners, bags, boxes, bunting, emblems, flags, wrapping paper, name

badges and printed invitations, in International Class 016, bearing United States Trademark Registration No. 3,189,458 ("TRADEMARK"), which was registered on the Principal Register on December 26, 2006.

4. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant Electric Eel, Inc., ("Defendant") was and is a New York corporation, that is qualified by the California Secretary of State to transact business in California, and that transacts business in California and in interstate commerce, and manufactures and sells certain paper goods merchandise and other goods within this judicial district.

5. Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the Defendants sued as DOES 1 through 10, and therefore sues them by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they become known to Plaintiff. Plaintiff is informed and believes and thereon alleges that DOES 1 through 10, inclusive, are in some manner responsible for the events and happenings herein referred to and caused Plaintiff's damages hereinafter alleged.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6. In or about 2000, Pipedream adopted and commenced selling products consisting of paper goods, namely, napkins, party bags, party favors, party hats, pennants, party decorations, table cloths, gift bags, place mats, flags, banners, bags, boxes, bunting, emblems, flags, wrapping paper, name badges and printed invitations, in International Class 016, utilizing the TRADEMARK ("Plaintiff's Goods").

7. Plaintiff and its predecessor-in-interest, Pipedream, have continually sold Plaintiff's Goods bearing the TRADEMARK since at least as early as March 21, 2000. Plaintiff and Pipedream have conducted substantial advertising, marketing, and sales of Plaintiff's Goods in the United States and elsewhere.

8. On December 26, 2006, the TRADEMARK was registered and issued to Pipedream. A true and correct copy of the Certificate of Registration is attached

3

**COMPLAINT**

hereto as Exhibit "1."

9. On or about May 10, 2013, Pipedream filed with the USPTO a "Declaration of Use of Mark" under Section 8 of the Lanham Act, 15 U.S.C. 1058, for the TRADEMARK. A "Notice of Acceptance" of such Declaration was issued by the USPTO on or about June 11, 2013.

10. On or about September 18, 2013, Pipedream assigned all rights, title and interest in and to the TRADEMARK to Plaintiff including the goodwill of the business connected with the TRADEMARK, in a duly executed writing. This assignment was recorded with the USPTO on or about September 27, 2013, a true and correct copy of which is attached hereto as Exhibit "2" and incorporated herein by this reference.

11. In or about August of 2007, Pipedream informed Defendant that it was the owner of the TRADEMARK and Defendant, who at that time had been selling paper goods products under the name "Bachelorette Party Favors," agreed that it would cease manufacturing, selling, and promoting goods that Pipedream alleged were infringing the TRADEMARK.

12. In or about April of 2014, Plaintiff learned that Defendant had apparently resumed manufacturing and distributing for sale paper goods under the name, "Bachelorette Party Favors" ("Defendant's Goods"). Defendant's use of "Bachelorette Party Favors" on Defendant's Goods infringes Plaintiff's TRADEMARK. Defendant's use of the TRADEMARK on Defendant's Goods is without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendant's Goods. The packaging of the Defendant's Goods containing Plaintiff's TRADEMARK, includes, but is not limited to, the samples, true and correct copies of which are attached hereto as Exhibit "3" and incorporated herein by this reference. Further, the mark used by Defendant is displayed in a remarkably similar font and color as Plaintiff displays its TRADEMARK, causing further confusion as to the

source of Defendant's Goods.

13. In spite of Defendant's knowledge of Plaintiff's TRADEMARK, and prior agreement to cease its infringing activity, Plaintiff is informed and believes and based thereon alleges that Defendant has and continues to manufacture, market and otherwise offer for sale Defendant's Goods using Plaintiff's TRADEMARK.

## FIRST CAUSE OF ACTION
## Against All Defendants For
## Trademark Infringement [15 U.S.C. §1114]

14. Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1-13, inclusive, with the same force and effect as though fully set forth herein.

15. Plaintiff owns the TRADEMARK, which is a valid and protectable trademark, subsisting and in full force and effect.

16. Under Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), the Federal Trademark Registration constitutes prima facie evidence of the validity of the TRADEMARK, of Plaintiff's ownership of the TRADEMARK, and of Plaintiff's exclusive right to use the TRADEMARK in commerce on or in connection with the goods and services specified in the Certificate of Registration. In addition, under Section 22 of the Lanham Act, 15 U.S.C. § 1072, the Federal Trademark Registration places Defendant on constructive notice of the registrant's claim of ownership of the TRADEMARK.

17. In blatant disregard of Plaintiff's rights in the TRADEMARK, Defendant has used the TRADEMARK in the advertising, marketing and sales of the Defendant's Goods, which feature and incorporate the TRADEMARK without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendant's Goods. Such activities by Defendant have taken place in the State of California, and in interstate commerce.

18. The use by Defendant of the TRADEMARK infringes Plaintiff's exclusive rights in the TRADEMARK under Section 32(1) of the Lanham Act, in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114(1).

19. The infringing mark used by Defendant is displayed in a similar font and color as Plaintiff uses and displays its TRADEMARK, causing further confusion as to the source of Defendant's Goods.

20. Defendant's acts complained of herein will continue unless enjoined by this Court.

21. Due to Defendant's acts of trademark infringement alleged herein, Plaintiff has suffered damages to its business in an amount to be determined at trial.

22. Due to Defendant's acts of trademark infringement alleged herein, it has obtained profits it would not otherwise have realized but for the infringement. As such, Plaintiff is entitled to disgorgement of all of Defendant's profits from sales of products bearing the infringing mark in an amount to be determined at trial.

23. Because Defendant used the TRADEMARK intentionally, knowing it was an infringement, Defendant's trademark infringement alleged herein was willful, intentional, and malicious, the award of actual damages and profits to Plaintiff should be trebled, and the Court should find that this is an exceptional case for which Plaintiff is entitled to recover its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

24. Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116. Plaintiff has no adequate remedy at law and will be irreparably injured by the continued acts of Defendant unless such acts are enjoined.

## SECOND CAUSE OF ACTION
### Against All Defendants For Unfair Competition [15 U.S.C. §1125(a)]

25. Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1-13, inclusive, and Paragraphs 15-24 with the same force and effect as though fully set forth herein.

26. Because Plaintiff consistently advertises, markets, distributes, and

licenses its paper goods products using the TRADEMARK, this distinguishes Plaintiff's goods in the marketplace. As a result, Plaintiff's retail customers and consumers have come to understand that use of the TRADEMARK on paper goods signifies that the product comes from Plaintiff.

27. Defendant's use of "Bachelorette Party Favors" on Defendant's Goods constitutes false designation of origin and infringement pursuant to 15 U.S.C. § 1125(A).

28. Defendant's use of "Bachelorette Party Favors" on Defendant's Goods is likely to cause confusion in the relevant marketplace as to the origin, sponsorship, or approval of the products.

29. Defendant committed the wrongful acts alleged herein with actual or constructive knowledge of Plaintiff's rights, such that its conduct was, and continues to be, willful, intentional, and malicious.

30. Due to Defendant's false designation of origin and infringement alleged herein, Plaintiff has suffered damages to its business in an amount to be determined at trial. In addition, Defendant has obtained profits it would not otherwise have realized but for its wrongful acts. As such, Plaintiff is entitled to disgorgement of all of Defendant's profits from sales of products bearing the infringing mark in an amount to be determined at trial.

31. Plaintiff has no adequate remedy at law and will be irreparably injured by the continued acts of Defendant unless such acts are enjoined.

## THIRD CAUSE OF ACTION
### Against All Defendants For Unfair Competition,
### [California Business and Professions Code §17200 et seq.]

32. Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 13, inclusive, and Paragraphs 15-24, inclusive, with the same force and effect as though fully set forth herein.

33. In utilizing the TRADEMARK, which infringes Plaintiff's exclusive trademark rights, and distributing Defendant's Goods using the TRADEMARK, Defendant has wilfully and without authorization appropriated the exclusive property of Plaintiff. As such, Defendant has taken advantage of and usurped the investment and goodwill of Plaintiff and has capitalized on the market created by Plaintiff for the TRADEMARK.

34. As a result of Defendant's exploitation of the TRADEMARK in a manner such that Defendant's Goods are commercially indistinguishable from Plaintiff's Goods, Defendant has been and will continue to be able to pass off and sell Defendant's Goods of inferior quality as substitutes for Plaintiff's Goods.

35. Defendant's unauthorized and unlawful use of the TRADEMARK which infringes Plaintiff's trademark rights constitutes unfair competition in violation of the California Business and Professions Code §17200, et seq., for which Plaintiff is entitled to an injunction.

36. Plaintiff has no adequate remedy at law and will be irreparably injured by the continued acts of Defendant unless such acts are enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has infringed Plaintiff's rights in the TRADEMARK, in violation of 15 U.S.C. § 1114;

2. That Defendant has infringed Plaintiff's rights in the TRADEMARK willfully, intentionally, and/or maliciously;

3. That Defendant has committed unfair competition against Plaintiff in violation of 15 U.S.C. § 1125(a);

4. That Defendant has committed unfair competition against Plaintiff in violation of California Business and Professions Code, §17200, et seq.,

5. That the Court issue injunctive relief against Defendant, to preliminarily and permanently enjoin Defendants and their agents and employees from infringing

Plaintiff's rights in the TRADEMARK;

6. That Plaintiff be awarded recovery of its actual damages, in an amount to be determined at trial, as available under the Lanham Act;

7. That Plaintiff be awarded the disgorgement of Defendants' profits, in an amount to be determined at trial, as available under the Lanham Act and California Business and Professions Code, §17200, et seq.;

8. That Plaintiff be awarded treble damages California Business and Professions Code, §17082;

9. That Plaintiff be awarded recovery of its reasonable attorneys' fees as available under the Lanham Act, Federal law, and California Business and Professions Code, §17082;

10. That Plaintiff be awarded the costs of this action;

11. That Plaintiff be awarded pre-judgment interest as allowed by law; and

12. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

DATED: April 14, 2014

GERSH | DERBY, LLP
Attorneys at Law

By /s/ Courtney Curtis
JEFFREY F. GERSH
COURTNEY E. CURTIS
JAMES A. SEDIVY
Attorneys for Plaintiff PD PRODUCTS, LLC

**COMPLAINT**

## Demand for Jury Trial

Plaintiff hereby demands trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure on all issues raised by its Complaint that are triable by jury.

DATED: April 14, 2014

GERSH | DERBY, LLP
Attorneys at Law

By: *[signature]*
JEFFREY F. GERSH
COURTNEY E. CURTIS
JAMES A. SEDIVY
Attorneys for Plaintiff PD PRODUCTS, LLC